IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD GEESE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.:_____ |
| ) | |
| ILLINOIS CENTRAL RAILROAD ) | |
| COMPANY, ) | |
| ) | |
| Serve: CT Corporation System ) | |
| 208 S. LaSalle Street, Suite 814 ) | |
| Chicago, IL 60604-1101 ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT

### COUNT I

### FEDERAL EMPLOYERS' LIABILITY ACT

COMES NOW plaintiff, Richard Geese, by and through his attorneys, Rathmann & O'Brien, L.L.C. and for Count I of his Complaint against the defendant, Illinois Central Railroad Company, states the following:

1. That at all times herein, the plaintiff is a resident of the State of Illinois.

2. That at all material times, defendant Illinois Central Railroad Company ("IC") was and is a corporation duly organized and existing under the law and was and is an interstate carrier, operating an interstate system of railroads in and through several states, including various locations in and through the State of Illinois.

3. That at all times relevant, defendant IC was an interstate carrier by rail and was engaged in interstate transportation and commerce; that from December 1996 through the present

1

time, plaintiff was and has been employed by defendant and/or defendant's predecessor railroads, as a trackman, conductor and locomotive engineer, and as such was and has been working and engaged in interstate transportation and commerce from December 1996 through the present time, and at such times was working in the furtherance of defendant's interstate commerce, and in work which directly, closely and substantially affected the general interstate commerce carried on by said defendant as a railroad.

4. That throughout the course and scope of the plaintiff's railroad employment with defendant and/or defendant's predecessor railroads as a trackman, conductor and locomotive engineer, plaintiff was furnished and required to work on and in locomotives with inadequate and/or defective cab seats, resulting in inadequate body support and significant and excessive lateral motion which subjected plaintiff to continuous, frequent and/or repetitive stress, strain, impact, and jarring to his upper extremities; that plaintiff was required to work with, lift, adjust, move, carry, manipulate and operate heavy, awkward, ergonomically compromised, defective and/or inadequate tools and equipment including railroad track switches, rails, ties, spikes, plates, joint bars, bolts, rail anchors, spike mauls, and tampers; that plaintiff was required to frequently couple and uncouple air hoses and set and release hand brakes that were defective, unsafe and/or difficult to manhandle; and that plaintiff was otherwise required to engage in work activities, methods and procedures which required the continuous, frequent and/or repetitive use of plaintiff's upper extremities, specifically including his shoulders.

5. That the Court has jurisdiction over defendant IC pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, et seq., and that plaintiff has commenced this action in a timely manner pursuant to 45 U.S.C. § 56.

2

6. That pursuant to the FELA, 45 U.S.C.§ 51, et seq., defendant IC had and has a duty to provide plaintiff with a reasonably safe place to work, reasonably safe equipment, and a duty to exercise ordinary care in connection with the maintenance, management, inspection, operation and repair of its locomotives, railcars, tools, equipment and trackage upon which its trains operate and the locations and facilities where plaintiff worked for the defendant.

7. That defendant IC breached its aforementioned duties of care, and was negligent in one or more of the following particulars:

    (a) Defendant failed to provide plaintiff with a reasonably safe place to work;

    (b) Defendant failed to provide plaintiff with reasonably safe conditions to work;

    (c) Defendant failed to provide plaintiff with reasonably safe equipment;

    (d) Defendant failed to maintain its track(s) in a reasonably safe condition;

    (e) Defendant failed to maintain its equipment in a reasonably safe condition;

    (f) Defendant failed to warn and/or properly warn plaintiff;

    (g) Defendant allowed and permitted dangerous and/or hazardous conditions to exist with which its employees were required to work;

    (h) Defendant failed to adopt, implement, install enforce and/or carry out safe customs, methods, procedures and practices for inspecting, maintaining, and/or repairing its equipment, tools, plaintiff's working locations and/or locomotives.

8. That plaintiff's injuries were due, in whole or in part, to one or more of defendant's aforementioned negligent acts or omissions, as well as other acts of negligence, in violation of the FELA, 45 U.S.C.§ 51, et seq.

9. That as a result of one or more of the defendant's aforementioned negligent acts or omissions, in whole or in part, plaintiff suffered and will continue to suffer injuries and/or aggravation, acceleration and/or exacerbation of pre-existing conditions to his upper extremities, specifically including his right shoulder, with injuries, bruising, straining, spraining and tearing to the soft tissues, ligaments, tendons, muscles, bones, blood vessels, and nerves of his upper extremities, specifically including his right shoulder, resulting in plaintiff suffering great bodily and emotional pain, as well as loss of enjoyment of life, and plaintiff will continue to suffer such physical pain, emotional anguish and anxiety in the future.

10. That as a result of one or more of the defendant's aforementioned negligent acts or omissions, in whole or in part, plaintiff he has sought and received substantial medical, hospital, surgical, therapeutic and rehabilitative care and treatment and will continue to receive such additional care and treatment in the future; that he has expenses for his medical care and treatment and will continue to incur such additional expenses in the future; and that he has sustained a loss of wages and fringe benefits and will continue to sustain a loss of wages and fringe benefits into the future; all to his damage.

11. That plaintiff did not know, nor did plaintiff have reason to known, of his alleged injuries and their relationship to his employment at any time before November 1, 2003.

WHEREFORE, plaintiff Richard Geese respectfully prays that judgment be entered against defendant, Illinois Central Railroad Company, on Count I of his Complaint in an amount that is fair and reasonable for the damages and losses suffered, together with all costs and disbursements, all in excess of Seventy Five Thousand Dollars ($75,000.00).

## COUNT II

## LOCOMOTIVE INSPECTION ACT

COMES NOW plaintiff, Richard Geese, by and through his attorneys, Rathmann & O'Brien, L.L.C. and for Count II of his Complaint against the defendant, Illinois Central Railroad Company, under the Locomotive Inspection Act, 49 U.S.C. § 20701 et seq., states the following:

1. Plaintiff re-alleges, restates and incorporates herein by reference as though fully set forth herein the allegations of Paragraphs (1) through (5) of Count I of plaintiff's Complaint.

2. That pursuant to the Locomotive Inspection Act, 49 U.S.C. § 20701 et seq, defendant IC owed a duty to the plaintiff and defendant breached its duty of care and was negligent in one or more of the following particulars:

   (a) Defendant permitted the use of locomotives that produced significant and excessive lateral motion, in violation of 49 C.F.R. §§ 229.7 (a)(1) and (2), .9, .45, and .63;

   (b) Defendant permitted the use of locomotives which were not in proper condition and safe to operate in the service to which it was put, in violation of 49 C.F.R. §§ 229.7 (a)(1) and (2), .9, .45, and .63;

   (c) Defendant permitted the use of locomotives that had not been adequately and/or properly inspected, in violation of 49 C.F.R. §§ 229.23;

   (d) Defendant permitted the use of locomotives that were not free of conditions that endangered the safety of the crew, including plaintiff, in violation of 49 C.F.R. § 229.45;

   (e) Defendant failed to monitor, test and/or reduce the levels of vibration

and/or lateral motion related to the operation of its locomotives; or

(f) Defendant failed to provide adequate seating and support in its locomotive cabs.

3. That plaintiff's injuries were due, in whole or in part, to one or more of defendant's aforementioned negligent acts or omissions, as well as other acts of negligence, in violation of the Locomotive Inspection Act, 49 U.S.C. § 20701 et seq.

4. That as a result of one or more of the defendant's aforementioned negligent acts or omissions, in whole or in part, plaintiff suffered and will continue to suffer injuries and/or aggravation, acceleration and/or exacerbation of pre-existing conditions to his upper extremities, specifically including his right shoulder, with injuries, bruising, straining, spraining and tearing to the soft tissues, ligaments, tendons, muscles, bones, blood vessels, and nerves of his upper extremities, specifically including plaintiff's right shoulder, resulting in plaintiff suffering great bodily and emotional pain, as well as loss of enjoyment of life, and plaintiff will continue to suffer such physical pain, emotional anguish and anxiety in the future.

5. That as a result of one or more of the defendant's aforementioned negligent acts or omissions, in whole or in part, plaintiff he has sought and received substantial medical, hospital, surgical, therapeutic and rehabilitative care and treatment and will continue to receive such additional care and treatment in the future; that he has expenses for his medical care and treatment and will continue to incur such additional expenses in the future; and that he has sustained a loss of wages and fringe benefits and will continue to sustain a loss of wages and fringe benefits into the future; all to his damage.

6.  That plaintiff did not know, nor did plaintiff have reason to known, of his alleged injuries and their relationship to his employment at any time before November 1, 2003.

WHEREFORE, plaintiff Richard Geese respectfully prays that judgment be entered against defendant, Illinois Central Railroad Company, on Count II of his Complaint in an amount that is fair and reasonable for the damages and losses suffered, together with all costs and disbursements, all in excess of Seventy Five Thousand Dollars ($75,000.00).

                RATHMANN & O'BRIEN, L.L.C.

                */s/ Patrick O'B.*
                PATRICK S. O'BRIEN, IL #3127549
                1031 Lami Street
                St. Louis, MO 63104
                (314) 773-3456 Telephone
                (314) 773-7238 Facsimile

                **ATTORNEYS FOR PLAINTIFF**